# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

POLY HOLDINGS LLC,

      Plaintiff,

v.

RETROFOAM OF PITTSBURGH, LLC,
BURGEON FUND, LLC, and SCOTT
HOFFMAN,

      Defendants.
_____/

Case No. 25-13672
Hon. Jonathan J.C. Grey

## ORDER STRIKING DOCUMENTS INDIVIDUAL DEFENDANT FILED ON BEHALF OF ALL DEFENDANTS (ECF Nos. 6–11)

On November 18, 2025, Plaintiff Poly Holdings, LLC ("Poly Holdings") filed a four-count breach of contract action against Defendants Retrofoam of Pittsburgh, LLC ("Retrofoam"), Burgeon Fund, LLC ("Burgeon"), and Scott Hoffman ("Hoffman"). (ECF No. 1.) On December 22, 2025, Hoffman filed a notice of special appearance and pro se status. (ECF No. 5.) At the time, the Court interpreted the filing as one made by Hoffman with respect to himself only.

On December 30, 2025, however, Hoffman filed the following documents on behalf of himself, Retrofoam, and Burgeon:

1. An answer, affirmative defense, counterclaims, and third-party complaint (ECF No. 6);

2. Motion for limited injunctive relief (ECF No. 7);

3. Motion to compel mediation and binding arbitration and to stay the proceedings (ECF No. 8);

4. Motion to stay proceedings for medical reasons (ECF No. 9);

5. Motion to approve escrow of disputed note and trailer payments (ECF No. 10); and

6. Motion for protective order and to stay discovery. (ECF No. 11.)

Hoffman's filings at ECF Nos. 6–11 are not proper. It is well-established law that corporate entities, including limited liability companies, <u>must</u> be represented by an attorney, not by any of its members or officers. *See* 28 U.S.C. § 1654; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (§ 1654 "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Miniard v. LFUCG Div. Code Enf't*, No. 5:23-CV-050-REW, 2023 WL 2587474, at *6 (E.D. Ky. Mar. 21, 2023) (an LLC "may only appear in court through a licensed attorney and may not be represented by a member proceeding pro se").

Accordingly, the Court **ORDERS** the Clerk of the Court to **STRIKE** the documents entered as ECF Nos. 6–11.

**IT IS FURTHER ORDERED** that Hoffman may, if he wishes, to refile any applicable document solely on his own behalf, but he may not purport to act for, represent, or file on behalf of Retrofoam or Burgeon in this case.

**IT IS FURTHER ORDERED** that Hoffman shall file his answer or responsive pleading to Poly Holdings' complaint **on or before January 30, 2026**.

**IT IS FURTHER ORDERED** that Retrofoam must obtain an attorney and have the attorney file an appearance—and an answer or responsive pleading—on behalf of Retrofoam **on or before February 6, 2026**. If an attorney does not enter an appearance in this action on behalf of Retrofoam **by February 6, 2026**, the Court may enter a default against Retrofoam.

**IT IS FURTHER ORDERED** that, as docket does not include any document that reflects that Burgeon has been served, the Court does not set a date by which Burgeon must obtain an attorney, have the attorney

file an appearance, or file an answer or responsive pleading.[1] However, if Poly Holdings files a certificate of service as to Burgeon **on or before January 7, 2026**, Burgeon must obtain an attorney and have the attorney file an appearance—and an answer or responsive pleading—on behalf of Burgeon **on or before February 6, 2026**. Further, if Poly Holdings files a certificate of service as to Burgeon on or before January 7, 2026 and an attorney does not enter an appearance in this action on behalf of Burgeon **by February 6, 2026**, the Court may enter a default against Burgeon.

    **SO ORDERED.**

Date: January 9, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

---

[1] The Court notes that the caption on the docket for ECF No. 4 is "Certificate of Service re: Complaint, by Poly Holdings LLC *as to Alan Hoffman and Burgeon Fund LLC* (Agosta, Anthony)." The document entered on the docket, however, is one prepared by Hoffman that is similar to ECF No. 5, also filed by Hoffman. No certificate of service as to Burgeon is attached to ECF No. 4.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2026.

                                                s/ **S. Osorio**
                                            Sandra Osorio
                                            Case Manager